Vivares-Mazo v. Barr

BIA
A088 077 226

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand nineteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> PETER W. HALL,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

_____

JUAN ESTEBAN VIVARES-MAZO,
> *Petitioner,*

> v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

17-3858
NAC

| | |
|---|---|
| FOR PETITIONER: | David J. Woll, Simpson Thacher & Bartlett LLP, New York, NY. |
| FOR RESPONDENT: | Joseph H. Hunt, Assistant Attorney General; John S. Hogan, Assistant Director; Robbin K. Blaya, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Juan Esteban Vivares-Mazo, a native and citizen of Colombia, seeks review of a November 16, 2017, decision of the BIA denying his motion to reopen. *In re Juan Esteban Vivares-Mazo,* No. A 088 077 226 (BIA Nov. 16, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen "for abuse of discretion." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the BIA considers evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

An alien seeking to reopen may file a motion to reopen no later than 90 days after the final administrative decision. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time limitation for filing a motion to reopen does not apply if the motion is filed in order to apply for

2

asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings."  8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).  "In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."  *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007).  We find no abuse of discretion.

First, contrary to Vivares-Mazo's argument, remand is not required for the BIA to more fully explain its decision that there was not a material change in country conditions. The agency is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered."  *Jian Hui Shao*, 546 F.3d at 169 (internal quotation marks omitted).  The BIA recognized the basis of Vivares-Mazo's claim of changed country conditions, and, under the circumstances, it was not required to explain in detail why

3

specific items of evidence did not establish changed conditions. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2015) ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise.").

The BIA did not abuse its discretion in finding that Vivares-Mazo's evidence was insufficient to establish materially changed country conditions since his 2013 hearing. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *In re S-Y-G-*, 24 I. & N. Dec. at 253. Although there was some evidence of an increase in killings by paramilitary groups following the signing of the peace agreement, as compared to the period immediately preceding the peace agreement, there was evidence of substantial violence at the time of the hearing before the IJ. *See* Certified Administrative Record at 264–66. Moreover, the evidence Vivares-Mazo submitted with his motion to reopen failed to remedy the underlying deficiency in his original claim, i.e., he did not corroborate his allegation that he was a campaign leader who suffered past persecution. *See Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005). Because Vivares-Mazo did not establish that he was involved in political activities, he cannot show that increased

4

targeting of political or community leaders or activists is material to him. *Cf. Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146–49 (2d Cir. 2007) (holding that BIA may rely on underlying adverse credibility determination in denying motion to reopen). Because Vivares-Mazo did not show a material change in conditions or resolve the underlying deficiencies in his claims, the BIA did not abuse its discretion in finding that he had not demonstrated a material change in country conditions and denying his motion to reopen. *See Ali*, 448 F.3d at 517; *Qin Wen Zheng*, 500 F.3d at 146–49.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5